**UNITED STATES of America, Appellee,**

v.

**Paul Douglas HARVEY, Appellant.**

**No. 85–1789.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1986.

Decided Feb. 20, 1986.

John Echols, Tulsa, Okl., for appellant.

Linda Lipe Gleghorn, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before McMILLIAN and JOHN R. GIBSON, Circuit Judges, and MURPHY,* District Judge.

McMILLIAN, Circuit Judge.

Paul Douglas Harvey appeals from a final judgment entered in the District Court[1] for the Eastern District of Arkansas upon a guilty plea to distribution of marijuana in violation of 21 U.S.C. § 841 (1982). For reversal appellant argues that the district court erred in (1) refusing to credit his testimony that he distributed marijuana without remuneration and (2) refusing to sentence him pursuant to the more lenient terms of 21 U.S.C. § 844. For the reasons

discussed below, we affirm the judgment of the district court.

In April 1985 appellant was indicted by a federal grand jury for distributing cocaine (Count I) and distributing marijuana (Count II). On May 10, 1985, appellant and the government entered into an agreement which provided that the government would dismiss Count I if appellant pleaded guilty to Count II. The agreement expressly provided that the government would not make a recommendation as to sentencing and that the government reserved the right to present its version of the facts to the district court.

On June 12, 1985, appellant and his attorney appeared before the district court. After determining the competency of appellant to proceed, the district court read Count II of the indictment in its entirety to appellant. The district court then asked appellant whether anyone had indicated to him "what type of sanction or what type of sentence will be imposed if the court accepts your plea of guilty." Appellant answered "I was under the impression that the maximum was five years, your honor. I don't know anything else about it." The district court then informed appellant that he could be sentenced to five years imprisonment and a $50,000 fine.

The district court asked appellant to state the facts that supported his guilty plea. Appellant stated that he had accompanied an undercover agent of the Drug Enforcement Agency (DEA) to the agent's apartment to attend "a sex party." In response to the agent's inquiry, appellant stated that he brought an ounce of marijuana with him for the party. According to appellant he told the agent "I don't sell marijuana." Appellant then gave the agent the marijuana.

The government strongly contested appellant's version of the facts. The government stated that a confidential informant, appellant and the DEA agent met at a

---

* The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota, sitting by special designation.

1. The Honorable George Howard, Jr., United States District Judge for the Eastern and Western Districts of Arkansas.

restaurant to discuss the purchase of drugs. After about an hour and a half, they went to the agent's apartment for the purpose of obtaining marijuana from appellant. Appellant gave the marijuana to the agent and told him he could pay later. On November 16, 1985, the informant delivered $100 to appellant, the price for the ounce of marijuana.

Appellant, after hearing the government's version of the facts, continued to deny that he had sold the marijuana to the DEA agent. He indicated that he told the agent to "give her the hundred dollars if you want to, she's just a prostitute.... I always give her some money anyway." Appellant and his attorney both indicated that although they challenged the government's version of what occurred, they did not object to the district court's acceptance of the guilty plea. In response to the district court's questions, appellant stated that he did not want to withdraw from the plea agreement and that no promises had been made as to the type of sentence he would receive.

The district court subsequently sentenced appellant to imprisonment. for a term of five years, a special parole term of three years, and a fine of $20,000. The district court denied appellant's request that the district court sentence appellant to a maximum of two years under 21 U.S.C. § 844(a) which provides for lesser punishments for possession or delivery of small amounts of marijuana without remuneration. This appeal followed.

The sole point on appeal is whether the district court erred in refusing to credit appellant's testimony at the guilty plea hearing that he gave an undercover agent a small quantity of marijuana for no remuneration. The government contends that the district court was not bound to credit appellant's testimony and that the government's offer of proof demonstrated that appellant received $100 for the marijuana. In addition the government argues that appellant's own testimony established that he agreed that the payment for the mari-

juana should be made to a third person on his behalf.

We do not decide the issue raised by the parties because we hold that appellant's testimony before the district court established that he distributed marijuana for remuneration. Appellant's testimony established that he distributed the marijuana to the undercover agent and agreed that $100, the price of the marijuana, would be paid to a third party on his behalf.

We note further that no agreement had been made with appellant concerning the sentence that he would receive in return for his guilty plea. The sentence imposed was not in excess of the sentence appellant understood he would receive. Appellant in response to a question from the court indicated that he understood that the maximum sentence was five years imprisonment. Appellant chose to proceed with the plea agreement although the district court and the government both indicated that they would be willing to permit him to withdraw his guilty plea.

Accordingly, the judgment of the district court is affirmed.